**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JEREMY M. NOEL**
Bloomington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THOMAS OAKLEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 53A01-1204-CR-148 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Marc R. Kellams, Judge
Cause No. 53C02-1111-FC-1099

**February 11, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

Appellant-Defendant, Thomas Oakley (Oakley), appeals his sentence following a guilty plea to carrying a handgun without a license, a Class C felony, Ind. Code §§ 35-47-2-1, -2-3(C)(2).

We affirm.

## ISSUE

Oakley raises one issue on appeal, which we restate as: Whether his sentence was appropriate in light of his character and the nature of the offense.

## FACTS AND PROCEDURAL HISTORY

On November 9, 2011, while under the influence of heroin and methamphetamine, Oakley argued with his pregnant girlfriend, Tiffany Purtlebaugh (Purtlebaugh), outside a residence on West Eight Street in Bloomington, Indiana. Oakley, who was carrying his handgun, fired several shots in the air, down the street, and then pointed the gun at the heads of Purtlebaugh's mother and brother, stating "I have a whole other clip." (Appellant's App. p. 9). Oakley and Purtlebaugh then got into a vehicle and drove away.

Police officers were able to locate Oakley via information from a local cellular phone tower. When they pulled in behind Oakley's car, he sped away, ignoring the officers' commands to stop. He eventually stopped the car and was placed under arrest.

On November 14, 2011, the State filed an Information charging Oakley with Count I, intimidation, a Class C felony, I.C. §§ 35-45-2-1(a)(2), -1(b)(2); Count II, carrying a handgun without a license, a Class C felony, I.C. §§35-47-2-1, -23(c)(2);

Count III and IV, pointing a firearm, a Class D felonies, I.C. § 35-47-4-3(b); Count V, criminal recklessness, a Class D felony, I.C. §§ 35-42-2-2(b)(1), -2(c)(2)(A); and Count VI, resisting law enforcement, a Class D felony, I.C. § 35-44-3-3(a)(3), -3(b)(1)(A). That same day, the State filed a notice of intent to seek an enhanced penalty based upon a prior conviction. On January 13, 2012, Oakley entered into a plea agreement with the State, agreeing to plead guilty to Count II, carrying a handgun without a license in exchange for the dismissal of the other charges. The plea agreement specified that the sentence would carry a cap of five years. On February 8, 2012, the trial court sentenced Oakley to five years executed.

Oakley now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Oakley contends that his five–year sentence is inappropriate considering his character and the nature of the offense. Here, Oakley was sentenced to a Class C felony, which carries a fixed term of between two and eight years, with the advisory sentence being four years. *See* I.C. § 35-50-2-6. As such, Oakley's sentence falls within the statutory guidelines.

Pursuant to Indiana Appellate Rule 7(B), this court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Cardwell v. State*, 895

3

N.E.2d 1219, 1224 (Ind. 2008). A defendant "must persuade the appellate court that his or her sentence has met the inappropriateness standard of review." *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

With respect to Oakley's character, we note that at the time of the instant offense, Oakley was twenty-nine years old and had already accumulated an extensive criminal history. Within the last twelve years, he has received eleven convictions, including five felonies ranging from theft and battery to dealing in controlled substances. Each time Oakley was placed on probation, he violated it. In fact, he had recently been released from prison in July 2011[1] and was placed on probation for dealing controlled substances, a Class B felony, when he began using again in September of 2011 and committed the current offense.

Oakley now asserts that he felt overwhelmed after his girlfriend became pregnant and started abusing illegal substances again. Unable to handle the additional responsibility of a child, he purchased the handgun from "a roadside produce vendor" and intended to commit suicide. (Appellant's App. p. 9). However, his words ring hollow as he clearly was not turning the handgun on himself; rather, he brandished the weapon at his pregnant girlfriend while "really drugged up," firing into the air, as well as pointing the gun at the heads of his girlfriend's mother and brother. (Sent. Transcript p. 9).

Although we acknowledge that at some point, Oakley attempted to seek help from his probation officer, he failed to follow his probation officer's suggestion to enroll in

---

[1] However, Oakley asserted during the sentencing hearing that his actual release date had been in April 2011.

treatment with an outpatient provider until securing a place at an intensive inpatient rehabilitation program.

Turning to the nature of the crime, we note that Oakley put his pregnant girlfriend in harm's way, endangered her family and the public by firing in the air, and engaged the police in a dangerous vehicle pursuit.

In sum, Oakley's addiction, destructive behavior, and disregard for the criminal justice system as is evidenced by his probation violations, warrant the sentence imposed by the trial court. Thus, we cannot conclude that the five-year executed sentence is inappropriate in light of his character and nature of the offense.

## CONCLUSION

Based on the foregoing, we conclude that Oakley's sentence is appropriate in light of his character and nature of the offense.

Affirmed.

BAKER, J. and BARNES, J. concur